1   RICHARD J. DOREN, SBN 124666
    rdoren@gibsondunn.com
2   DEBRA WONG YANG, SBN 123289
    dwongyang@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
4   Los Angeles, California 90071-3197
    Telephone: (213) 229-7000
5   Facsimile: (213) 229-7520

6
    BRAD D. BRIAN, SBN 79001
7   brad.brian@mto.com
    MICHAEL R. DOYEN, SBN 119687
8   michael.doyen@mto.com
    MUNGER, TOLLES & OLSON LLP
9   350 South Grand Avenue, 50th Floor
    Los Angeles, CA 90071
10  Telephone: (213) 683-9100
    Facsimile: (213) 687-3702
11

12  Attorneys for MGM RESORTS INTERNATIONAL and MANDALAY CORP.

13                  **UNITED STATES DISTRICT COURT**

14        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16  MICHELLE SPENCER, CINDY              Case No. 2:17-CV-08332
    VANDYKE, JEFFREY SAMBRANO,
17  AMANDA SAMBRANO, STEPHEN             **NOTICE OF REMOVAL OF**
    SAMBRANO, JANAE SAMBRANO,            **PUTATIVE CLASS ACTION BY**
18  MICHAEL SAMBRANO, ASHLIE             **DEFENDANTS MGM RESORTS**
    GUERRERO, MIGUEL GUERRERO,           **INTERNATIONAL AND MANDALAY**
19  and STANLEY RENDON, on behalf of     **CORP.**
    themselves and a class of all members of
20  the general public similarly situated,   [Removal from the Superior Court of
                                             California, County of Los Angeles,
21               Plaintiffs,                 Case No. BC680065]

22          v.
                                             Action Filed:    October 13, 2017
23  STEPHEN PADDOCK, a deceased
    individual; THE ESTATE OF STEPHEN
24  PADDOCK; MGM RESORTS
    INTERNATIONAL, a Delaware
25  Corporation; MANDALAY CORP., a
    Nevada Corporation; LIVE NATION
26  ENTERTAINMENT, INC., a California
    Corporation; LIVE NATION GROUP
27  doing business as ONENATION, LLC, a
    Nevada Limited Liability Company; and
28  DOES 1 through 100, inclusive,
                 Defendants.

---

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332, 1367, and 1711, Defendants MGM Resorts International ("MGM") and Mandalay Corp. ("Mandalay") (together, "Removing Defendants"), hereby remove this action—with reservation of all defenses and rights, including, but not limited, to the defense that California's courts lack personal jurisdiction over Removing Defendants to adjudicate the claims in this action, or that a different federal venue is more appropriate—from the Superior Court of the State of California for the County of Los Angeles, Case No. BC680065, to the United States District Court for the Central District of California, Western Division.  Removal is proper on the following grounds:

### TIMELINESS OF REMOVAL

1.  Plaintiffs filed a Class Action Complaint ("Complaint") against Defendants in the Superior Court for Los Angeles County, California, on October 13, 2017.  In accordance with 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Removing Defendants as of the date of this filing are attached as Exhibit A filed concurrently herewith.

2.  Plaintiffs served Removing Defendants with a Summons and Complaint on October 19, 2017.  *See* Ex. A.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt of the Complaint.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

### GROUNDS FOR REMOVAL

**A.  Plaintiffs Bring This Case as a Class Action Against Defendants**

3.  Removal is proper under 28 U.S.C. §§ 1441 and 1453 because this Court has subject-matter jurisdiction over this action and all claims asserted against Removing Defendants under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.     CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute, California Code of Civil Procedure § 382, that authorizes an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 24 (citing Cal. Civ. Proc. Code § 382).

5.     The Complaint alleges claims for (1) "Battery by Plaintiffs Stephen Sambrano and Miguel Guerrero against Paddock and Estate," (2) "Assault by all Plaintiffs against Defendants Paddock and Estate," (3) "Negligence by all Plaintiffs against Defendants MGM and Mandalay," (4) "Negligent Hiring, Training and/or Supervision by all Plaintiffs against Defendants MGM and Mandalay," and (5) "Negligence by all Plaintiffs against Defendants MGM, Mandalay, Live [Nation] and OneNation."  Compl. ¶¶ 29–65.

6.     Plaintiffs seek "general damages," relief for "medical and related expenses," "punitive damages," "prejudgment interest," "costs of suit," and "such other and further relief as the Court may deem proper."  Compl. at 12–13.

7.     Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

8.     Removing Defendants deny any liability as to Plaintiffs' individual claims and as to the claims of the putative class members.  But, for purposes of meeting the jurisdictional requirements for removal *only*, Removing Defendants submit that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA,

1    and put in controversy more than $5 million in the aggregate for the entire class,

2    exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).

3    **B.    The Proposed Classes Consist of 100 or More Members**

4        9.    Plaintiffs allege in the Complaint that they bring this action "on behalf of

5    any of the victims of the mass shooting which occurred on October 1, 2017" and seek

6    to certify the following putative classes:

7        a.    Class A: is brought by Plaintiffs pursuant to Code of

8              Civil Procedure section 382 on behalf of any of the victims of

9              the mass shooting which occurred on October 1, 2017, who

10             resided in California at the time of the shooting;

11       b.    Class B: is brought by Plaintiffs pursuant to Code of

12             Civil Procedure section 382 on behalf of any of the victims of

13             the mass shooting which occurred on October 1, 2017, who

14             resided in California and suffered a serious bodily harm or

15             death;

16       c.    Class C: is brought by Plaintiffs pursuant to Code of

17             Civil Procedure section 382 on behalf of any of the victims of

18             the mass shooting which occurred on October 1, 2017, who

19             resided in California and suffered an assault.

20   Compl. ¶ 24.

21       10.   Here, CAFA's numerosity requirement is satisfied because "the number of

22   members of all proposed plaintiff classes in the aggregate" is not "less than 100."

23   28 U.S.C. § 1332(d)(5)(B).  Plaintiffs allege that "there were approximately

24   ***22,000 attendees***" at the Route 91 Harvest County Music Festival (the "Festival"), and

25   that the "mass shooting . . . resulted in 58 fatalities and more than 520 injuries."

26   Compl. ¶¶ 14, 21 (emphasis added).  Moreover, Plaintiffs' class definitions are not all

27   limited to those who experienced "serious bodily harm or death" (Class B).  To the

28   contrary, Class A includes any California "victim" of the shooting, and Class C

3

NOTICE OF REMOVAL

includes any California resident who "suffered an assault" on October 1, 2017.  The Complaint further alleges that anyone who "witness[ed] the horrible carnage around them" on October 1, 2017, suffered an "injur[y]" (*id.* ¶ 23), which arguably places every California resident who attended the Festival within the scope of Plaintiffs' putative class definition.  According to the California Victim Compensation Board, "almost 14,000 [63.6%] of the 22,000 [Festival attendees] were Californian residents. . . ."[1]  Accordingly, while Removing Defendants deny that class treatment is permissible or appropriate in this case, based on the Complaint's allegations, the putative classes plainly consist of more than 100 members.

## C.     Defendants and Plaintiffs Are Not Citizens of the Same State

11.     The minimum diversity of citizenship criteria under CAFA requires that the plaintiff or any member of the putative classes is a citizen of a state that is different from that of any defendant.  28 U.S.C. § 1332(d)(2)(A).

12.     Here, Plaintiffs limit their putative classes to California residents.  Compl. ¶ 24.

13.     Further, Plaintiffs allege that MGM is a Delaware corporation with its principal place of business in Nevada, and that Mandalay is a Nevada corporation with it principal place of business in Nevada.  Compl. ¶¶ 3–4; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  Plaintiffs also allege that at least one additional Defendant (Live Nation Group) is a citizen of a state other than California.  *See* Compl. ¶ 5.

---

[1] Brianna Ruffalo, *Californians who attended Route 91 are eligible for victim relief funds from both California and Nevada*, ABC 30, http://abc30.com/californians-who-attended-route-91-are-eligible-for-victim-relief-funds-from-both-california-and-nevada/2598658/ (Nov. 2, 2017).

14.     Because Plaintiffs purport to be citizens of a state different from that of one or more of the Defendants, CAFA's minimum diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### D.     The Amount Placed in Controversy by the Class Claims Exceeds $5 Million

15.     As noted above, Plaintiffs expressly seek three categories of monetary recovery (exclusive of interest and costs): "general damages," "medical and related expenses," and "punitive damages."  Compl. at 12–13; *see also* 28 U.S.C. § 1332(d)(2).  Although Removing Defendants deny that Plaintiffs' claims against them have any merit, Removing Defendants aver, for the purposes of meeting the jurisdictional requirements for removal only,[2] that Plaintiffs' requested monetary recovery easily exceeds $5 million in aggregate.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Ibarra*, 775 F.3d at 1198 ("CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure.").

16.     Indeed, the "medical and related expenses" category alone as alleged by Plaintiffs satisfies the $5 million threshold.  Assuming as reported that approximately 63.6% of concertgoers were California residents and approximately 520 non-fatal injuries resulted from the attack (*supra* ¶ 10), then approximately 331 California

---

[2] "Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.  This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

residents were injured in the shooting.  Emergency-room charges for gunshot wounds average $5,254, while inpatient charges (i.e., overnight hospitalization) average $95,887.[3]  As of October 4, 2017, 58 patients remained hospitalized.[4]  Assuming that 37 of these 58 patients are California residents, the approximate inpatient charges for those 37 people is $3,547,819 ($95,887 per person per hospitalization multiplied by 37 persons).  Assuming conservatively that the other 294 California residents (331 injured less 37 hospitalized) were treated exclusively in the emergency room, their approximate medical expenses total $1,544,676 ($5,254 per emergency room visit per person multiplied by 294 persons).  Together, the approximate hospitalization and emergency room medical costs alone for California residents total $5,092,495 ($3,547,819 plus $1,544,676).

17.    The other categories of damages claimed by Plaintiffs ("general damages" and "punitive damages") only increase the amount in controversy.  For example, "general damages" may include damages for "pain and suffering," *see Licudine v. Cedars-Sinai Med. Ctr.*, 3 Cal. App. 5th 881, 891–92 (2016), and "punitive damages" may be estimated for amount-in-controversy calculations at a "1:1 ratio" to economic damages.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698, 701 (9th Cir.

---

[3]  Faiz Gani, Joseph V. Sakran, & Joseph K. Canner, *Emergency Department Visits for Firearm-Related Injuries in the United States, 2006-14*, Health Affairs, https://doi.org/10.1377/hlthaff.2017.0625 (Oct. 2017).

[4]  Jessie Bekker, *58 still in critical condition after Las Vegas mass shooting*, Las Vegas Review-Journal, https://www.reviewjournal.com/crime/shootings/58-still-in-critical-condition-after-las-vegas-mass-shooting/ (Oct. 4, 2017).  Forty-five patients remained hospitalized as of October 15.  Jaweed Kaleem, *Most of the injured in Las Vegas have left the hospital and gone home. But one still wonders when she will*, L.A. Times, http://www.latimes.com/ nation/la-na-vegas-victim-20171014-story.html (Oct. 15, 2017).  Two patients remained hospitalized as of November 3.  Brianna Ruffalo, *California woman shot in liver in Vegas shooting heads home after hospitalization*, ABC 7, http://abc7.com/california-woman-wounded-in-vegas-shooting-heads-home-/2600092/ (Nov. 3, 2017).

NOTICE OF REMOVAL

1  2007); *cf. Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal. 4th 541, 551 (2014)

2  (noting that medical expenses are a form of economic damages).

3      18.    Thus, the amount of damages put in controversy by Plaintiffs' claims

4  easily satisfies the $5 million jurisdictional threshold.

5              **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

6      19.    Based on the foregoing facts and allegations, this Court has original

7  jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

8          a)    This is a civil action which is a class action within the meaning of

9          § 1332(d)(1)(B);

10          b)    The action involves a putative class of more than 100 members;

11          c)    The amount in controversy exceeds $5 million, exclusive of interest

12          and costs as required by Section 1332(d)(2); and

13          d)    The minimal diversity requirement is satisfied because Plaintiffs

14          and the putative class members are citizens of a state different from the

15          Removing Defendants.

16      Accordingly, this action is properly removable under 28 U.S.C. § 1441.

17      20.    Furthermore, because Removing Defendants have shown there is federal

18  jurisdiction over this action, Plaintiffs bears the burden of proof with regard to any

19  argument that an exception to CAFA removal applies and justifies remand. *Serrano v.*

20  *180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Removing Defendants submit

21  that no such exception applies and expressly reserve the right to contest and further

22  brief the applicability of any exception that Plaintiffs may raise in a motion for

23  remand.

24      21.    The United States District Court for the Central District of California,

25  Western Division, is the appropriate venue for removal pursuant to 28 U.S.C.

26  § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in

27  Los Angeles County Superior Court. *See* 28 U.S.C. § 84(c); *id.* § 1441(a).

28

NOTICE OF REMOVAL

1     22.    Upon filing this Notice of Removal, Removing Defendants will furnish

2 written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with

3 the Clerk of the Superior Court of Los Angeles County pursuant to 28 U.S.C.

4 § 1446(d).

5     WHEREFORE, Removing Defendants remove to this Court the above action

6 pending against it in the Superior Court of California, County of Los Angeles.

7

8 DATED: November 15, 2017

9                              GIBSON, DUNN & CRUTCHER LLP

10

11

12                         By:        /s/ *Richard J. Doren*
                                   Richard J. Doren

13                         Attorneys for Defendants
                        MGM RESORTS INTERNATIONAL and

14                         MANDALAY CORP.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL